## ALIMONY TO WIFE WHERE BOTH PARTIES WERE BLAMEWORTHY.

### Circuit Court of Stark County.

### VASTI A. CARR v. WILLIAM A. CARR.

### Decided, February 21, 1910.

*Alimony—Separation on Account of Ill-Treatment—Both Parties to Blame.*

Small alimony will be decreed a wife on the ground of "separation in consequence of ill-treatment on the part of the husband" where it appears that ill-treatment on her part equals his.

*William Roach,* for plaintiff in error.
*Craine & Snyder,* contra.

MARVIN, J.; TAGGART, J., and DONAHUE, J., concur.

The parties to this action are husband and wife. The plaintiff sues for alimony only, and relies upon certain ill-treatment which she says she has received from the husband, as her cause of action. The action is brought under Section 5702, Revised Statutes, subdivision 4, which reads in part as follows:

"That there is a separation in consequence of ill-treatment on the part of the husband."

The parties were married in June, 1892. Ten children have been born of this marriage, six of whom are still living, four having died. Five of these children were born within the first three years and three months of the marriage. The children now living are: Elizabeth, 17 years old; Mary, 13 years old, and the four younger ones aged respectively, 11, 10, 7 and 6 years. The plaintiff is a better woman than her husband thinks she is, but not as good, and certainly not as good a wife as she thinks she is. The defendant is a better man than the plaintiff thinks he is, but not as good a man as he thinks he is. The statement already made as to the birth of children in this family shows that this plaintiff has a great burden upon her, in the matter of bearing and caring for children. Not on that account, however, should her husband be censured, but attention is called to it as showing that in the condition in which she must have been the greater part of the time from the date of the marriage up to six years ago, she was entitled to tender treatment on the part of her husband. This large family also put a heavy burden on the husband, for which the wife is not to be blamed; but he is a man of small means and of course it was a burden to him; one which it was his duty to bear and bear patiently, to care for this large family. The parties have lived on a small farm of about thirty-eight acres, and of course close economy and untiring industry would be necessary on the part of each to care for this family. Each seems to have been rendered exceedingly irritable by the conduct of the other, and undoubtedly that was accelerated by the burden placed upon each. We listened to the testimony of those acquainted with the parties, and from it we have no doubt that the husband many times used profane language when talking to his wife, and unreasonably blamed her for things which she ought not to have been blamed. We think she makes a sufficient case to show ill-treatment such as would entitle her to some alimony. But we can not overlook the fact that she sometimes used abusive language to her husband and that she said unseemly things to him in the presence of their children.

The two older children, Elizabeth and Mary, are witnesses. Their appearance on the witness stand was such as to produce on the part of the members of the court a high opinion of their intelligence and of their desire to be entirely truthful. Each of these girls says (and we think the whole evidence shows it) that this family can not get on together, and that the absence of the mother from home has made it happier and pleasanter. That the household is fully as well cared for without the presence of the mother as with it, is also shown; indeed, from what the witnesses say, we are inclined to the opinion that the cleanliness of the persons and clothing of the children, and the keeping of their clothing in repair, making them look suitable for school, etc., is improved by the absence of the mother. She left her husband's home on the 5th of January, 1909. She has been back to see the children four times; twice before the case was tried in the court of common pleas, and twice since. It is urged that she should be given the custody of at least the two younger children, because of her affection for them. She undoubtedly loves all of them, but situated as she is, we very much doubt whether even the youngest of the children would be as well off with her as she will be remaining with the father. And the plaintiff does not seem to have worried very much about it, considering that she has been but a few miles from them, and has made no greater effort to see them than she has. She left home several years ago for some cause unexplained to us, leaving a baby less than two years old, and was gone two months, evidently making no effort to see the children. We have the feeling that she ought not to have their custody at present, and the order of the court will be that the custody of the children shall remain in the defendant.

The defendant has a farm worth probably about $3,500; he owns a lot in the city of Alliance, worth probably $500. There is a mortgage on this farm for $2,200 and he owes other debts amounting to about $800. He will have a hard struggle to support this family and keep up the interest an his indebtedness. It will be hard for him to raise money to pay alimony. The plaintiff is not in first rate health, but she is a woman of some

education. She is shown to have been a successful teacher prior to her marriage, and it is probable that she may still obtain employment as a teacher and be able to comfortably support herself.

The order of the court will be that the custody of the children shall be in the defendant, and that he shall pay to the plaintiff on or before the first day of April, 1910, the sum of one hundred dollars, and that on or before the 1st of April, 1911, another one hundred dollars, with interest thereon from the first day of April, 1910, until such payment is made, and that on or before the first day of April, 1912, he shall pay another hundred dollars with interest from the first day of April, 1910, until such payment is made. This to be in full of alimony. This amount is small, because from the amount of property and the family which the defendant has to support, it must necessarily be small, and furthermore, because the plaintiff still has her inchoate right of dower in all of his real estate, except to the extent that she may have deeded it away by the execution of the mortgage already mentioned.